b

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ROGER HILLIARD | CIVIL ACTION 3:18-CV-00185 |
| VERSUS | JUDGE DOUGHTY |
| ESTATE OF KING SWAZER, JR., *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Defendant Michael Kramer ("Kramer") filed a motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted. (Doc. 6). Because Plaintiff Roger Hilliard ("Hilliard") has not shown this Court has subject matter jurisdiction, Kramer's Motion to Dismiss for Lack of Subject Matter Jurisdiction should be GRANTED.

I.  Background

   A.  Procedural History

Hilliard filed this action for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 1331, 2201, and 2202, alleging claims for: (1) declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201, 2202; (2) breach of fiduciary duty by Kramer and to have him removed as trustee of the Scott and Swazer estates pursuant to La. C.C.P. arts. 3182 and 3191; (3) unjust enrichment pursuant to La. C.C. art. 2298; (4) violation of civil rights pursuant to 28 U.S.C. § 1981; (4) intentional infliction of emotional distress pursuant to La. C.C. art. 2315; and (5) civil conspiracy pursuant

to La. C.C. art. 2324. The named defendants are Estate of King Swazer, Jr. ("Swazer Estate), Jessie Augustine ("Augustine") (administrator of the Scott and Swazer Estates), and Michael E. Kramer ("Kramer") (trustee of the Scott and Swazer Estates). Hilliard seeks injunctive and declaratory relief, monetary damages, fees, costs, monetary damages, and a jury trial.

Hilliard also filed a "Notice of Removal or, in the Alternative, Motion to Stay proceedings Pending the Judgment of the Federal Dispute in the Above-Styled Caption." (Doc. 3). Hilliard attached the state court record for the "Petition for Partition by Licitation" that was filed by Kramer on behalf of Augustine, as administrator of the succession of King Swazer, Jr. (Doc. 3-1). Hilliard's pleading was filed as a "Remark," and neither the Notice of Removal nor the Motion to Stay were ever dealt with.

Kramer (through counsel) filed a Motion to Dismiss for lack of subject matter jurisdiction and, alternatively, for failure to state a claim. (Doc. 6). Hilliard opposes that motion. (Doc. 17).

As their attorney, Kramer then filed an answer on behalf of Augustine and the Estate of King Swazer, Jr. (Doc. 21). Interestingly, neither Augustine nor the Estate has been included in the Motion to Dismiss.

B. Hilliard's Factual Allegations

Hilliard shows he owns 61 acres in Franklin Parish, Louisiana that he received as a donation from his parents, Roy E. Hilliard, Sr. and Annie B. Hilliard. Hilliard further shows his parents were gifted that land, as part of a 300-acre tract, from

Luther and Leola Scott Hilliard ("the Scott Estate"). In 1970, Roy and Annie Hilliard mortgaged the property to Jim Walter Homes, Inc.-Louisiana, and that mortgage was recorded. They refinanced the home with JPMorgan Chase Bank, N.A. in 1990 and maintained flood insurance.[1]

Hilliard contends he owns the highest percentage of acres of the Scott Estate, but has never received monies/disbursements from the Scott Estate. Hilliard alleges Kramer (by his own admission) is holding the Scott Estate funds in an account. Hilliard alleges he has not been told where the account is; whether the account is interest-bearing; if any costs or fees have been paid out of the account and, if so, to whom and for what purpose; the beginning balance of the account; the date the account was opened; and the current account balance. Hilliard also contends the other heirs, Roy Hilliard and Roger Hilliard, have not received any correspondence or an accounting from Kramer. Hilliard alleges that Kramer has paid himself more than $100,000 from the Swazer and Scott estates over a period of 20 years. Hilliard further alleges Kramer knew or should have known about all the heirs of both estates but failed to list some heirs, in order to garner a larger share of the proceeds from both Estates. Hilliard contends Kramer breached his fiduciary duty as trustee and alleges a state law claim for unjust enrichment.

Hilliard further contends that Augustine resides in Houston, Texas. Hilliard contends Augustine is only entitled to the equal portion of the Swazer Estate that

---

[1] Hilliard attached legal documents from the public records to support his allegations (Doc. 1-2).

was bequeathed to her by King Swazer, Jr. in his will. However, Hilliard alleges Augustine has been illegally receiving profits on a lease/rental agreement of the Scott Estate and keeping the profits for herself. Hilliard alleges a state law claim for unjust enrichment against Augustine.

Hilliard contends he and his family only recently learned, in state court, of the transgressions committed by Kramer and Augustine.

Hilliard also claims violations of the Equal Protection Clause. Hilliard contends Kramer is white. Kramer entered into contracts to act as Trustee of the estates of King Swazer, Jr. and Sir Walter Scott, both black men who are now deceased. Hilliard contends he and the other heirs are also black.

Hilliard contends Kramer induced Augustine (who has not resided in Franklin Parish, Louisiana in over 60 years) to bring an action against Roy Hilliard for disturbing the peace of the property that was donated to him by succession. Apparently, Kramer has put the estate lands up for sale.

Hilliard claims Kramer and Augustine conspired to defraud the heirs of the Scott and Swazer Estates by attempting to force a sale (partition by licitation) in a Louisiana state court of property that did not belong to the estates. Kramer included Hilliard's land in the property to be sold.

Hilliard further claims intentional infliction of emotional distress by Kramer, through illegally putting his farm and homestead up for sale as part of the Scott Estate.

II.  Law and Analysis

   A.  Standards governing the Motion to Dismiss pursuant to 12(b)(1).

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation.  See Coury v. Prot, 85 F.3d 244, 248 (5th Cir.1996).  There is a presumption against subject-matter jurisdiction that must be rebutted by the party bringing an action to federal court. Coury, 85 F.3d at 248.  The burden of proof is on the party asserting jurisdiction. Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  See Clark v. Tarrant County, 798 F.2d 736, 741 (5th Cir. 1986).

Where subject matter jurisdiction is being challenged, the trial court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.  No presumptive truthfulness attaches to the plaintiff's allegations.  Montez v. Dep't of Navy, 392 F.3d 147, 149 (5th Cir. 2004).

   B.  Kramer's Motion to Dismiss pursuant to Rule 12(b)(1) should be granted because the Court lacks subject matter jurisdiction.

Kramer contends this Court lacks subject matter jurisdiction pursuant to 42 U.S.C. § 1981 because Hilliard is attempting to allege an equal protection challenge against a succession representative and her attorney, complaining that they filed a partition proceeding in state court.  Kramer also alleges a parallel state court proceeding to partition estate property by licitation.  That proceeding lies at the core

5

of Hilliard's action because he claims Kramer included his 61-acre property in the estate sale.

Hilliard alleges several state claims for breach of fiduciary duty by Kramer and to have him removed as trustee of the Scott and Swazer estates; unjust enrichment; intentional infliction of emotional distress; and civil conspiracy.[2] However, state law claims, standing alone, do not provide federal jurisdiction. See Simi Inv. Co., Inc., 236 F.3d at 247.

Hilliard alleges federal claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and for violation of civil rights pursuant to 28 U.S.C. § 1981.

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126 (2007) (quoting 28 U.S.C. § 2201(a)).

Declaratory Judgment Act claims, without another basis for jurisdiction, cannot support the district court's jurisdiction. See Simi Inv. Co., Inc. v. Harris

---

[2] Federal courts have determined there is no original federal jurisdiction to probate a will or administer an estate, even where diversity jurisdiction exists. See Crain v. Crain, 664 F. Supp. 1016, 1017 (E.D. La. 1987) (citing Turton v. Turton, 644 F.2d 344, 347 (5th Cir. 1981)). However, if diversity or some other basis for jurisdiction is present, the federal court can entertain actions against administrators, executors, and other claimants in which plaintiffs seek to establish their claims against an estate so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court. See Crain, 664 F. Supp. at 1017 (citing Wright, Law of Federal Courts, § 25 at 98 (1976) (quoting Markham v. Allen, 326 U.S. 490, 494 (1946)); 13B Wright, Miller, Cooper, Federal Practice and Procedure § 3610 (1984)).

County, Tex., 236 F.3d 240, 247 (5th Cir. 2000), cert. den., 534 U.S. 1022 (2001) (citing Lawson v. Callahan, 111 F.3d 403, 405 (5th Cir. 1997) ("[I]t is well settled that [the Declaratory Judgment Act] does not confer subject matter jurisdiction on a federal court where none otherwise exists.")); see also Darren v. City of New York, 722 Fed. Appx. 357 (5th Cir. 2018) (declaratory relief is permitted only when there is another basis for federal jurisdiction).

Hilliard argues this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 (Doc. 17). Section 1331 is federal question jurisdiction and § 1343 establishes federal jurisdiction over equal protection actions pursuant to 42 U.S.C. § 1985. Pursuant to § 1981 and 1985, Hilliard contends Kramer's activities are racially motivated because Hilliard is black. Hilliard contends Kramer is conspiring to deprive him of his right to own and possess real property because he is black.[3]

The Equal Protection Clause of the Fourteenth Amendment prohibits any state from denying any person the equal protection of the laws. See United Brotherhood of Carpenters & Joiners of America, 463 U.S. 825, 831 (1983). Section 1985(3) protects individuals against purely private conspiracies to deny them equal

---

[3] The Fourteenth Amendment prevents State interference with property rights save by due process of law. "Property is more than the mere thing which a person owns"; it includes the right to use, acquire, and dispose of it. See City of Birmingham v. Monk, 185 F.2d 859, 861 (5th Cir.1950), cert. den., 41 U.S. 940 (1951) (citing Buchanan v. Warley, 245 U.S. 60, 74 (1917)). The Fourteenth Amendment protects the right to residential occupancy for lawful purposes without discriminatory restriction. See City of Birmingham, 185 F.2d at 861 (citing Shelley v. Kraemer, 334 U.S. 1, 10-11 (1948)).

protection of the laws. See United Brotherhood of Carpenters & Joiners of America, 463 U.S. at 831.

In order to prove a private conspiracy in violation of the first clause of § 1985(3),[4] a plaintiff must show: (1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action; and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment. See Bray, 506 U.S. at 267–68 (citing Griffin, 403 U.S. at 102, and Carpenters v. Scott, 463 U.S. 825, 833 (1983)).

Hilliard alleges Kramer has committed, or is attempting to commit, theft, malfeasance, negligence, and malpractice in order to deprive Hilliard of his ownership of real property, and conspired with Augustine to do so. However, Hilliard has not shown there is a race-based, invidiously discriminatory animus underlying

---

[4] Section 1985(3) states:
> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators. [Emphasis added.]

8

Kramer's actions. Hilliard has also alleged Kramer has illicitly (or as a result of malpractice) collected money to which he was not entitled from two estates for which he served as trustee. Hilliard's allegations indicate Kramer may be grossly negligent or even an opportunistic thief, but not that he is a bigot. Therefore, Hilliard has failed to state a § 1985 Equal Protection claim.

Hilliard also alleges subject matter jurisdiction pursuant to 42 U.S.C. § 1981, which states:

> (a) Statement of equal rights
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> (b) "Make and enforce contracts" defined
> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
> (c) Protection against impairment
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute. See Green v. State Bar of Texas, 27 F.3d 1083, 1086 (5th Cir. 1994) (citing Mian v. Donaldson, Lufkin & Jenrette Secs. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993)).

9

Kramer argues the "enumerated activity" implicated in this case is the right to "make and enforce contracts," and argues Hilliard did not allege any facts that state a claim pursuant to § 1981.  In Patterson v. McLean Credit Union, the Supreme Court explained what is meant by "make and enforce contracts": "Section 1981 cannot be construed as a general proscription of racial discrimination in all aspects of contract relations, for it expressly prohibits discrimination only in the making and enforcement of contracts."  See Green, 27 F.3d at 1086 (citing Patterson v. McLean Credit Union, 491 U.S. 164, 176 (1989)).  The making of contracts extends only to the formation of a contract and not to problems that may arise later.  See id.  Enforcement of contracts prohibits discrimination that infects the legal process in ways that prevent one from enforcing contract rights due to his or her race, regardless of whether the discrimination is attributed to a statute or simply to existing practices.  See Green, 27 F.3d at 1086 (citing Patterson, 491 U.S. at 177).[5]

Kramer is current in stating Hilliard did not allege any facts that involve him interfering with Hilliard making or enforcing contracts.  Hilliard's allegations refer to interference with his right to own and possess property pursuant to § 1985.  However, as explained above, Hilliard has not alleged facts to show Kramer's interference with his property rights stem from racial animus.  Therefore, Kramer's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 6) should be granted.

---

[5] Hilliard also argues that Jones v. R.R. Donnelley & Sons, Co., 541 U.S. 369 (2004) is applicable.  However. Jones involves an amendment that broadened § 1981's prescriptive period.  Kramer has not argued that Hilliard's case is untimely, so that issue is not before the Court.

C. <u>Kramer's alternative Motion to Dismiss for Failure to State a Claim should be denied as moot.</u>

Because this Court lacks subject matter jurisdiction over this action, Kramer's Motion to Dismiss for Failure to State a Claim should be denied as moot. See <u>Bacani v. Dept. of Veterans Affairs</u>, 216 F.3d 1080, *1 (5th Cir. 2000) (holding that because district court lacked subject matter jurisdiction, it did not err in denying other pending motions as moot).

D. <u>Hilliard's Notice of Removal and Motion to Stay are moot.</u>

Hilliard attempted to remove the related state case in which Defendants filed a Petition for Partition by Licitation (Doc. 3). Hilliard also filed an alternative Motion to Stay the state court proceedings pending resolution of this case (Doc. 3)

Hilliard's removal was not completed due to clerical error. Because the Court lacks subject matter jurisdiction, the issue of removal of the state court partition proceeding is moot, and the Motion to Stay is moot (Doc. 3).

E. <u>Conclusion</u>

Because Hilliard has not shown a basis for federal jurisdiction over this action, Kramer's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 6) should be GRANTED and Hilliard's case should be DISMISSED WITHOUT PREJUDICE as to all Defendants.

Hilliard's attempted removal of the related state court case and Motion to Stay (Doc. 3) are DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar

days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 15th day of February, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge